# PETITION UNDER 28 USC § 2254 FOR WRIT OF
# HABEAS CORPUS BY PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Louisiana |
|---|---|
| Name: **Michael Allen** | Prisoner No.: **575625**  Docket No.: |

Place of Confinement:

Camp-D, Raven 3/Right
Louisiana State Penitentiary
Angola, LA 70712

**19-14737 SECT. T MAG. 4**

Name of Petitioner (include name upon which convicted)    Name of Respondent (authorized person having custody of petitioner)

Darrel Vannoy, Warden Louisiana State Penitentiary

The Attorney General of the State of Louisiana:
**JEFFERY LANDRY**

## PETITION

1. Name and location of court which entered the judgment of conviction under attack:    Orleans Parish Criminal District Court, Criminal Court Bldg., 2700 Tulane Ave., 70119

2. Date of Judgment of conviction    September 28, 2011

3. Length of sentence    Life imprisonment without benefits of parole, probation or suspension of sentence

4. Nature of offenses involved (all counts)    Second degree murder, a violation of La. R.S. 14:30.1

5. What was your plea? (Check one)

   (a) Not Guilty    [X]
   (b) Guilty         [ ]
   (c) Nolo contendere [ ]

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. Kind of trial: (Check one)

   (a) Jury        [X]
   (b) Judge only  [ ]

7. Did you testify at the trial?
   Yes [ ]    No [X]

8. Did you appeal from the judgment of conviction?
   Yes [X]    No [ ]

**TENDERED FOR FILING**

**DEC 23 2019**

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

9. If you did appeal, answer the following:

(a) Name of Court: Court of Appeal, Fourth Circuit, State of Louisiana

(b) Result: Conviction and Sentence affirmed

(c) Date of result: November 20, 2013

(d) Grounds raised: 1) The evidence adduced at trial was insufficient to support a conviction for second degree murder.

2) The Trial Court erred in refusing to permit Michael Allen to present a defense in the form of evidence of the criminal history of one Jacque Wayne Charles, a potential co-conspirator with Michael Allen's co-defendant, Michael Treaudo.

3) The Trial Court erred in permitting the State to introduce evidence of Michael Allen's involved in a 2004 shooting, for which he was not convicted, because the evidence introduced was more prejudicial than probative.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes [X]  No [ ]

11. If your answer to 10 was "yes" give the following information:

(a) (1) Name of court: Orleans Parish Criminal District Court for the State of Louisiana

(2) Nature of proceeding: Post Conviction Relief

(3) Grounds raised: 1) Petitioner was denied his rights under the Fourth Amendment to the United States Constitution, and Louisiana Const. Art. 1, Sec. 13 against unreasonable search and seizure where police failed to establish constitutionally sufficient probable cause before arresting him. 2) The in-court and out-of-court identification process used by police violated his right to a fair trial and due process of law under the 14th Amend. to the United States Const., and Louisiana Const. of 1974, Art. 1, Sect. 2, and 16, where not independent corroboration to the to the identification was produced at trial.

3) Petitioner was denied his Sixth Amendment to the United States Const., and Louisiana Const. of 1974, Art. 1, Sect. 13 rights to the assistance of counsel before and during his trial where counsel failed to investigate other available avenues of defense, or obtain evidence and witnesses in his preparations for trial.

(4) Did you receive, an evidentiary hearing on your petition, application or motion?

Yes [ ]  No [X]

(5) Result: Relief denied

(6) Date of result: **May 9, 2018. However, the State Dist. Court alleged that Petitioner's PCR was denied on May 28, 2015. But Petitioner did not receive this denial earlier.**

(b) As to any second petition, application or motion give the same information.

(1) Name of court: N/A

(2) Nature of proceeding: N/A

(3) Grounds raised: N/A

(4) Did you receive, an evidentiary hearing on your petition, application or motion?

Yes ☐   No ☒

(5) Result: N/A

(6) Date of result: N/A

(c) As to any third petition, application or motion give the same information.

(1) Name of court: N/A

(2) Nature of proceeding: N/A

(3) Grounds raised: N/A

(4) Did you receive, an evidentiary hearing on your petition, application or motion?

Yes ☐   No ☐   N/A

(5) Result: N/A

(6) Date of result: N/A

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.      Yes ☒   No ☐
(2) Second petition, etc.    Yes ☐   No ☐      N/A
(3) Third petition, etc.     Yes ☐   No ☐      N/A

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not

N/A

3.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: <u>In order to proceed in the federal court you ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you am being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(I) Denial of effective assistance of counsel.
(J) Denial of right of appeal.

A. Ground one: The State Court's denial of Petitioner's claim that the affidavit submitted in support of the arrest warrant is constitutionally insufficient to support probable cause to arrest him for second degree murder, resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States in Illinois v. Gates, 462 U.S. 213 (1983); Draper v. United States, 358 U.S. 307 (1959; and United States v. Harris, 403 U.S. 573 (1971)

Supporting FACTS: (tell your story briefly without citing cases or law): Det. Kevin Burns, Jr.'s arrest warrant affidavit contained no affirmative allegation that the witnesses he relied on demonstrated they spoke with any personal knowledge of the crime, or the identity of the perpetrator, sufficiently to form a basis upon which a finding of probable cause could be made. Also, the affiant to the arrest warrant failed to indicate in his report, that his independent investigation produced any source's of information, which led him to believe that the information was reliable.

B. Ground two: The State Court's denial of Petitioner's claim that the in-court and out-of-court Identification procedure used by police created a substantial likelihood of misidentification and should have been inadmissible at trial because it was not shown that the procedure negated every reasonable probability of mis-identification, resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States in Manson v.

Brathwaite, 432 U.S. 98 (1977).

Supporting FACTS: (tell your story briefly without citing cases or law):  The identification of Petitioner as the person who shot Arthur Brown should have been ruled inadmissible as none of the witnesses relied on by police described him as the person whom they saw shoot Mr. Brown.

C. Ground three: The State Court's Denial Of Petitioner's Claim That He Received Ineffective Assistance Of Counsel At Trial Because His Defense Attorney Failed To Put The Prosecutor's Case Through The Adversarial Process As Envisioned By The Sixth Amendment Of The Constitution And The Right To Counsel, Resulted In A Decision That Is Contrary To, Or Involved An Unreasonable Application Of, Clearly Established Federal Law, As Determined By The Supreme Court Of The United States In Strickland v. Washington, 466 U.S. 668 (1984)

Supporting FACTS: (tell your story briefly without citing cases or law): Petitioner's counsel failed to investigate the circumstances of his case prior to trial. Det. Burns included in his report the inability of any of the witnesses to identify Petitioner as the passenger or the shooter on the day of the murder. Defense counsel had access to this information prior to trial. Therefore, he should have been prepared to attack the police investigation more thoroughly.

D. Ground four: N/A

Supporting FACTS: (tell your story briefly without citing cases or law): N/A

E. Ground five: N/A

Supporting FACTS: (tell your story briefly without citing cases or law): N/A

13. If any of the grounds listed in 12 A, B, C, D, and E were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them.

N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐    No ☒

5.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing:

   (b) At arraignment and plea     Eric Malveau, OIDP, 2700 Tulane Ave., Criminal Courts Building,
   Room 112, New Orleans, La. 70119

   (c) At trial:   Eric Malveau, OIDP, 2700 Tulane Ave., Criminal Courts Building,
   Room 112, New Orleans, La. 70119

   (d) At sentencing::   Eric Malveau, OIDP, 2700 Tulane Ave., Criminal Courts Building,
   Room 112, New Orleans, La. 70119

   (e) On Appeal:  Peggy J. Sullivan, P.O. Box 2806, Monroe, Louisiana 71207-2806,
   Phone: (318) 855-6038, Bar Roll No. 18,454

   (f) In any post conviction proceeding:   None

   (g) On appeal from any adverse ruling in a post-conviction proceeding:  None

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

   Yes [ ]    No [X]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

   Yes [ ]    No [X]

   (a) If so, give name and location of court which imposed sentence to be served in the future:
   N/A

   (b) Give date and length of the above sentence:   N/A

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

   Yes [ ]    No [ ]    N/A

6.

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
Date

_____
Michael Hilban 575625
Signature of Petitioner

7.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CIVIL ACTION NO. _____

MICHAEL ALLEN,
*Petitioner*

v.

DARREL VANNOY, Warden,
Louisiana State Penitentiary
*Respondent*

---

**PETITION FOR WRIT OF HABEAS CORPUS
28 U.S.C. § 2254**

---

RESPECTFULLY SUBMITTED BY:

_12- 12_, 20_19_.
DATE

Michael Allen 575625

MICHAEL ALLEN #575625, PRO-SE
CAMP-D, RAVEN 3/RIGHT
LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA 70712

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

### PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions-Read Carefully*

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form DC 12, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $_____, you must pay the filing fee as required by the rule of the district court.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.