**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

CIVIL ACTION NO._____

**MICHAEL ALLEN,**
*Petitioner*

v.

**DARREL VANNOY, Warden,
Louisiana State Penitentiary**
*Respondent*

---

**APPENDICES IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS
28 U.S.C. § 2254**

---

RESPECTFULLY SUBMITTED BY:

Michael allen 575625

_____, 20_11_.
DATE

**MICHAEL ALLEN #575625, PRO-SE
CAMP-D, RAVEN 3/RIGHT
LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA 70712**

## APPENDICES

Page No.

| | | |
|---|---|---|
| **APPENDIX "A"** | Docket Master/Minute Records | 1 |
| **APPENDIX "B"** | Warrant of Arrest | 9 |
| **APPENDIX "C-1"** | Petitioner's 9/11/12 Appeal Brief | 11 |
| **APPENDIX "C-2"** | The 11/20/13 Court of Appeal, 4th Cir. Ruling | 30 |
| **APPENDIX "C-3"** | Petitioner's 12/4/13  Writ of Certiorari in the La. S.Ct. | 40 |
| **APPENDIX "C-4"** | The 5/30/14 La. S.Ct.'s denial of Certiorari | 58 |
| **APPENDIX "D"** | Petitioner's 5/28/15 PCR | 59 |
| **APPENDIX "E-1"** | 10/20/16 Indigent Mail Receipt for a PCR Status Check | 93 |
| **APPENDIX "E-2"** | 6/14/17 Indigent Mail Receipt for a PCR Status Check | 94 |
| **APPENDIX "E-3"** | 9/19/17 Indigent Mail Receipt for a PCR Status Check | 95 |
| **APPENDIX "E-4"** | 10/9/17 Indigent Mail Receipt for a PCR Status Check | 96 |
| **APPENDIX "E-5"** | 1/9/18 Indigent Mail Receipt for a PCR Status Check | 97 |
| **APPENDIX "E-6"** | 4/30/18 Indigent Mail Receipt for a PCR Status Check | 98 |
| **APPENDIX "E-7"** | 7/2/18 Indigent Mail Receipt for a PCR Status Check | 99 |
| **APPENDIX "E-8"** | 8/15/18 Indigent Mail Receipt for a PCR Status Check | 100 |
| **APPENDIX "F-1"** | The 5/9/18 denial of PCR | 101 |
| **APPENDIX "F-2"** | The 8/24/18 envelope showing the date Petitioner received this denial. | 102 |
| **APPENDIX "F-3"** | Mail Room Log of Legal Mail received during the year of 2015 | 103 |
| **APPENDIX "G-1"** | Notice of Intent to File Writs to the Court of Appeal 4th Cir. | 105 |
| **APPENDIX "G-2"** | Application for Remedial and Supervisory Writs, and/or Review. | 108 |
| **APPENDIX "G-3"** | The 12/14/18, denial of Remedial and Supervisory Writs, and/or Review | 131 |
| **APPENDIX "G-4"** | The 9/24/19 denial of Writ of Certiorari | 133 |
| **APPENDIX "H-1"** | Relevant portions of the Trial Transcripts. Excerpts from the Trial Transcripts of Case No. 490-990 | 135 |
| **APPENDIX "H-2"** | The Hearing on the Motion to Suppress the Identification and Evidence | 181 |
| **APPENDIX "I"** | The Assessment Of Trial Level Defense Services In Louisiana 40 Years After *Gideon v. Wainwright*, 372 U.S. 335 (1963) | 282 |

```
  CASE:  490-990          D O C K E T    M A S T E R          DATE: 11/14/2017
SECTION: J                                                    TIME:  11:55:40
 CLASS: 2                                                     PAGE:          1

                       ORLEANS PARISH CRIMINAL DISTRICT COURT
```

```
================================================================================
DF# DEFENDANT(S):       CNTS CHARGE(S):
================================================================================

  1   ALLEN, MICHAEL          1  RS 14 30.1                  BOND:    700,000.00
                                 2ND DEGREE MURDER

  2   TREAUDO, MICHAEL        1  RS 14 30.1                  BOND:    700,000.00
                                 2ND DEGREE MURDER
                              1  RS 14 31                    BOND:           .00
                                 MANSLAUGHTER

================================================================================
  DATE      PROCEEDINGS
================================================================================
```

```
                                                                    LAWRENCEA
10/01/2009
          FILED INDICTMENT
          "A TRUE BILL"
          CAPIAS ISSUED
          BOND SET ($700,000.00) AS TO ALLEN
                   ($500,000.00) AS TO TREAUDO
          MAGISTRATE PAPERWORK FILED (M-502999/DOB 12/7/87, F# 2197383)
                                       AS TO TREAUDO
          MAGISTRATE PAPERWORK FILED (NONE)
                                      AS TO ALLEN

                                                                    LAWRENCEA
10/02/2009 ALLOTTED. ARRAIGNMENT SET FOR 10/13/09. (ALLEN & TREAUDO) PDOJL.

                                                                    GEORGEM
10/13/2009
          >THE DEFENDANT, MICHAEL ALLEN APPEARED FOR ARRAIGNMENT. >COURT
          APPOINTED ERIC MALVEAU , OIDP. >KENNY GREEN STOOD IN FOR
          ARRAIGNMENT ONLY. >READING OF BILL OF INFORMATION WAIVED.
          >DEFENDANT ENTERED PLEA OF NOT GUILTY. >DEFENDANT INFORMED OF
          RIGHT TO TRIAL BY JUDGE OR JURY. >DISCOVERY HEARING SET FOR
          10/20/09 >NOTIFY DEF.COUNSEL. >PDOJL
          >THE DEFENDANT, MICHAEL TREAUDO APPEARED FOR ARRAIGNMENT.
          >COURT APPOINTED WILLIAM BOGGS   OIDP. >KENNY GREEN STOOD IN
          FOR ARRAIGNMENT ONLY. >READING OF BILL OF INFORMATION WAIVED.
          >DEFENDANT ENTERED PLEA OF NOT GUILTY. >DEFENDANT INFORMED OF
          RIGHT TO TRIAL BY JUDGE OR JURY. >DISCOVERY HEARING SET FOR
          10/20/09 >NOTIFY DEF.COUNSEL. >PDOJL

                                                                    GEORGEM
10/20/2009
          >DEFENDANT, MICHAEL ALLEN APPEARED WITHOUT COUNSEL FOR DISCOVERY
          HEARING DEFENSE COUNSEL ERIC MALVEAU IN TRIAL IN ANOTHER
          SECTION OF COURT >HEARING ON MOTIONS SET FOR 12/03/09 *STATE
          FILED> DISCOVERY INVENTORY. >SEND NOTICES. >NOTIFY DEF.COUNSEL.
          >PDOJL
          >THE DEFENDANT, MICHAEL TREAUDO APPEARED FOR DISCOVERY HEARING
          WITH COUNSEL, WILLIAM BOGGS >HEARING ON MOTIONS SET FOR
          12/03/09 >STATE TENDERED DISCOVERY. >SEND NOTICES. >NOTIFY
          DEF.COUNSEL. >PDOJL

                                                                    GEORGEM
12/03/2009
          >DEFENSE COUNSEL ERIC MALVEAU APPEARED WITHOUT DEFENDANT,
          MICHAEL ALLEN FOR HEARING ON MOTIONS >DEFENDANT IN CUSTODY AND
          NOT BROUGHT INTO COURT. >PRESENCE OF DEFENDANT WAIVED. >HEARING
          ON MOTIONS SET FOR 01/22/10 >SEND NOTICES. >PDOJL
          >DEFENDANT, MICHAEL TREAUDO APPEARED WITHOUT COUNSEL FOR HEARING
          ON MOTIONS >DEFENDANT IN CUSTODY AND NOT BROUGHT INTO COURT.
          >THE COURT WAIVED THE PRESENCE OF THE DEFENDANT. THIS IS A
          DEFENSE CONTINUANCE. >HEARING ON MOTIONS SET FOR 01/22/10 >SEND
          NOTICES. SEND NOTICE TO DEFENSE COUNSEL WILLIAM BOGGS. >PDOJL

                                                                    GEORGEM
 1/22/2010 >THE DEFENDANT, MICHAEL ALLEN APPEARED FOR HEARING ON MOTIONS
          WITH COUNSEL, ERIC MALVEAU >HEARING ON MOTIONS SET FOR 01/26/10
          >SEND NOTICES. >NOTIFY DEF.COUNSEL. >PDOJL
          >DEFENDANT, MICHAEL TREAUDO DID NOT APPEAR FOR HEARING ON
          MOTIONS >DEFENDANT IN CUSTODY AND NOT BROUGHT INTO COURT.
          >HEARING ON MOTIONS SET FOR 01/26/10 >SEND NOTICES. >SEND

                              CONTINUED
```

Appendix "A"



1

```
CASE:   490-990          D O C K E T   M A S T E R       DATE: 11/14/2017
SECTION: J                                               TIME: 11:55:40
CLASS: 2                                                 PAGE:        2
                   ORLEANS PARISH CRIMINAL DISTRICT COURT
                                    .
```

==========================================================================
 DATE    PROCEEDINGS
==========================================================================

                                                        GEORGEM
1/22/2010
        NOTICE TO DEFENSE COUNSEL WILLIAM BOGGS. >PDOJL

                                                        GEORGEM
1/26/2010
        >THE DEFENDANT, MICHAEL ALLEN APPEARED FOR HEARING ON MOTIONS
        WITH COUNSEL, ERIC MALVEAU >DEFENSE FILED: >-MOTION FOR
        SEQUESTRATION OF ALL WITNESSES >THESE MOTIONS DID LIE:
        >SUPPRESS EVIDENCE >SUPPRESS IDENTIFICATION >PRELIMINARY
        HEARING >STATE CALLED DET. KEVIN BURNS, JR DET. ROBERT LONG
        DET. NICK GERNON >STATE EVIDENCE: >S-EX-01 S-EX-02 S-EX-03
        S-EX-04 S-EX-05 S-EX-06 S-EX-07 EN GLOBO-SEARCH WARRANT &
        RETURN S-EX-08 EN GOLBO-SEARCH WARRANT & RETURN S-EX-09 EN
        GLOBO-APPLICATION FOR SEARCH WARRANT S-EX-10 EN GLOBO-RIGHTS OF
        ARRESTEE FORM-BOTH DEFENDANTS S-EX-11 S-EX-12 TAPED STATEMENT
        OF (M.T.) S-EX-13 S-EX-14 S-EX-15 COPY OF CONSENT TO SEARCH
        WARRANT >AFTER ARGUMENT, STATE AND DEFENSE SUBMITTED THE
        MATTER. >DENIED MOTION TO SUPPRESS EVIDENCE. >DENIED MOTION TO
        SUPPRESS IDENTIFICATION. >COURT FOUND PROBABLE CAUSE. >DEFENSE
        OBJECTED. >STATUS HEARING SET FOR 02/02/10 SEND NOTICE TO
        DEFENSE COUNSEL. PLACE THE DEFENDANT ON THE JAIL LIST.
        >PRE-TRIAL CONFERENCE SET FOR 02/04/10 >NOTIFY DEF.COUNSEL.
        >PDOJL
        >THE DEFENDANT, MICHAEL TREAUDO APPEARED FOR HEARING ON MOTIONS
        WITH COUNSEL, WILLIAM BOGGS >DEFENSE FILED: >-MOTION FOR
        SEQUESTRATION OF ALL WITNESSES >THESE MOTIONS DID LIE:
        >SUPPRESS EVIDENCE >SUPPRESS STATEMENT >SUPPRESS IDENTIFICATION
        >PRELIMINARY HEARING >STATE CALLED DET. KEVIN BURNS, JR DET.
        ROBERT LONG DET. NICK GERNON >STATE EVIDENCE: >S-EX-01 S-EX-02
        S-EX-03 S-EX-04 S-EX-05 S-EX-06 S-EX-07 EN GLOBO-SEARCH WARRANT
        & RETURN S-EX-08 EN GOLBO-SEARCH WARRANT & RETURN S-EX-09 EN
        GLOBO-APPLICATION FOR SEARCH WARRNT S-EX-10 EN GLOBO-RIGHTS OF
        ARRESTEE FORM-BOTH DEFENDANTS S-EX-11 S-EX-12 TAPED STATEMENT
        OF (M.T.) S-EX-13 S-EX-14 S-EX-15 COPY OF CONSENT TO SEARCH
        WARRANT >AFTER ARGUMENT, STATE AND DEFENSE SUBMITTED THE
        MATTER. >DENIED MOTION TO SUPPRESS EVIDENCE. >DENIED MOTION TO
        SUPPRESS STATEMENT. >DENIED MOTION TO SUPPRESS IDENTIFICATION.
        >COURT FOUND PROBABLE CAUSE. >DEFENSE OBJECTED. >PRE-TRIAL
        CONFERENCE SET FOR 02/04/10 >NOTIFY DEF.COUNSEL. >PDOJL
        *THE COURT GRANTED THE STATE'S MOTION TO PROTECT THE ID
        OF THE STATE'S WITNESSES.*

                                                        DUPLESSIST
2/02/2010
        CLERK'S OFFICE RECEIVED DEFENSE MOTION TO SEVER.
        >THE DEFENDANT, MICHAEL ALLEN APPEARED FOR STATUS HEARING WITH
        COUNSEL, ERIC MALVEAU >THIS MATTER WAS PREVIOUSLY SET FOR
        PRE-TRIAL CONFERENCE ON 2-04-10. *THE STATE WILL HAVE THEIR
        RESPONSE ON PTCON DATE. PLACE THE DEFENDANT ON THE JAIL LIST.

                                                        GEORGEM
2/04/2010
        >THE DEFENDANT, MICHAEL ALLEN APPEARED FOR PRE-TRIAL CONFERENCE
        WITH COUNSEL, ERIC MALVEAU >PRE-TRIAL CONFERENCE SET FOR
        02/05/10 >NOTIFY DEF.COUNSEL. >PDOJL
        >DEFENDANT, MICHAEL TREAUDO APPEARED WITHOUT COUNSEL FOR
        PRE-TRIAL CONFERENCE >PRE-TRIAL CONFERENCE SET FOR 02/05/10
        >NOTIFY DEF.COUNSEL. >PDOJL

                                                        GEORGEM
2/05/2010
        >DEFENDANT, MICHAEL ALLEN DID NOT APPEAR FOR PRE-TRIAL
        CONFERENCE >DEFENDANT IN CUSTODY AND NOT BROUGHT INTO COURT.
        >THE COURT WAIVED THE PRESENCE OF THE DEFENDANT. >PRE-TRIAL
        CONFERENCE SET FOR 05/04/10 >SEND NOTICE TO DEFENSE COUNSEL
        ERIC MALVEAU. >PDOJL
        >DEFENDANT, MICHAEL TREAUDO DID NOT APPEAR FOR PRE-TRIAL
        CONFERENCE >DEFENDANT IN CUSTODY AND NOT BROUGHT INTO COURT.
        >THE COURT WAIVED THE PRESENCE OF THE DEFENDANT. >TRIAL SET FOR
        05/04/10 >SEND NOTICES. >SEND NOTICE TO DEFENSE COUNSEL WILLIAM
        BOGGS. >PDOJL

                                                        DINETH
4/19/2010
        CLERK'S OFFICE RECEIVED DEFENSE MOTION TO CONTINUE.
                           CONTINUED

                                                               2.

```
CASE:  490-990        D O C K E T   M A S T E R        DATE: 11/14/2017
SECTION: J                                             TIME:  11:55:40
CLASS: 2                                               PAGE:      3
                ORLEANS PARISH CRIMINAL DISTRICT COURT
```

======================================================================
```
DATE      PROCEEDINGS
```
======================================================================

4/19/2010                                              DINETH

5/04/2010                                              GEORGEM
          >DEFENDANT, MICHAEL ALLEN APPEARED WITHOUT COUNSEL FOR PRE-TRIAL
          CONFERENCE >PRE-TRIAL CONFERENCE SET FOR 06/14/10 >SEND NOTICE
          TO DEFENSE COUNSEL KEVIN CHRISTENSEN. >PDOJL
          >DEFENDANT, MICHAEL TREAUDO APPEARED WITHOUT COUNSEL FOR TRIAL
          >CONTINUANCE ON DEFENSE MOTION *THE DEFENSE FILED THE WRITTEN
          MOTION, 4-19-10. THE COURT NOTED THE STATE'S OBJECTION. >TRIAL
          CONTINUED TO 06/14/10 >SEND NOTICES. >NOTIFY DEF.COUNSEL.
          >PDOJL

6/08/2010                                              SHOLESR
          >PRE-TRIAL CONFERENCE SET FOR 06/10/10 >NOTIFY DEF.COUNSEL.
          >DEFENDANT'S PRESENCE NOT REQUIRED.
          *****************************************************************
          CLERK'S OFFICE RECEIVED DEFENSE MOTION TO DECLARE LA.C.CR.P.ART.
          782(A) AND LA. CONST. ART.I.17 UNCONSTITUTIONAL BECAUSE THEY
          ALLOW FOR A NONUNANIMOUS VERDICT IN THIS SECOND-CLASS CASE.
          (AS TO MICHAEL TREAUDO)

6/09/2010                                              DINETH
          CLERK'S OFFICE RECEIVED DEFENSE MOTION FOR PRODUCTION OF
          OUTSTANDING AND CONTINUING DISCOVERY; MOTION FOR DISCOVERY
          MANDATED BY BRADY V. MARYLAND, GIGLIO V. UNITED STATES AND THEIR
          PROGENY.(AS TO MICHAEL TREAUDO)

6/10/2010                                              ALPHONSEC
          >DEFENSE COUNSEL WILLIAM BOGGS APPEARED WITHOUT DEFENDANT.
          MICHAEL TREAUDO FOR PRE-TRIAL CONFERENCE >DEFENDANT IN CUSTODY
          AND NOT BROUGHT INTO COURT. >PRESENCE OF DEFENDANT WAIVED. >NO
          ACTION WAS TAKEN ON THIS MATTER ON THIS DAY. PREVIOUSLY SET FOR
          06/14/2010.

6/11/2010                                              SHOLESR
          CLERK'S OFFICE RECEIVED DEFENSE MOTION TO APPOINT SPECIAL PROCESS
          SERVER. (AS TO MICHAEL TREAUDO)

6/14/2010                                              GEORGEM
          >DEFENDANT, MICHAEL ALLEN APPEARED WITHOUT COUNSEL FOR PRE-TRIAL
          CONFERENCE >RESET, TRIAL IN PROGRESS. >PRE-TRIAL CONFERENCE SET
          FOR 06/15/10 >PDOJL
          >DEFENDANT, MICHAEL TREAUDO. APPEARED FOR TRIAL,>
          REPRESENTED BY WILLIAM BOGGS AND CARRIE ELLIS. >DEFENDANT
          ELECTED TRIAL BY JURY. >DAVID PIPES and RACHEL AFRICK
          REPRESENTED THE STATE. >12 JURORS WERE EXCUSED BY THE STATE,AND
          10 JURORS FOR CAUSE. 7 JURORS WERE EXCUSED BY THE DEFENSE, AND
          6 JURORS FOR CAUSE.
          12 JURORS AND 2 ALTERNATES WERE SELECTED, ACCEPTED BY THE
          STATE AND THE DEFENSE AND SWORN.
          THE NAMES OF THE JURY ARE SEALED IN TRIAL FOLDER, WHICH WILL BE
          SECURED IN THE CLERK'S OFFICE- ROOM 210 AT THE CONCLUSION
          OF THE TRIAL.
          THIS TRIAL IS CONTINUED TO 06/15/10.
          >THE DEFENDANT, MICHAEL TREAUDO: FILINGS: * THE STATE FILED>
          MOTION IN LIMINE TO EXCLUDE QUESTIONS AND EXTRINSIC EVIDENCE
          PERTAINING TO WITNESSES' PARTICULAR ACTS,VICES OR COURSES OF
          CONDUCT WHICH HAVE NOT RESULTED IN CRIMINAL CONVICTIONS.
          GRANTED BY THE COURT. - 767 AND 768 NOTICES. * THE DEFENSE
          FILED> MOTION IN LIMINE TO EXCLUDE ANY MENTION OF MITCHELL
          TREAUDO IN ANY CONTEXT. GRANTED BY THE COURT. -MOTION FOR
          WRITTEN JURY CHARGES. GRANTED BY THE COURT. -MOTION IN LIMINE
          TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE THAT A FIREARM
          WAS RECOVERED FROM 3630 FRENCHMEN. DENIED BY THE COURT. -MOTION
          IN LIMINE TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE;
          SPECIFICALLY JAILHOUSE PHONE CALLS ALLEGEDLY MADE BY MICHAEL
          TREAUDO. DENIED BY THE COURT. -IN LIMINE MOTION TO EXCLUDE ANY
          AUDIO RECORDINGS OF 911 CALLS OR TESTIMONY REFERRING TO THEIR
          CONTENTS UNDER, INTER ALIA, THE CONFRONTATION CLAUSE OF THE US

                              CONTINUED
```

```
CASE:  490-990          D O C K E T   M A S T E R        DATE: 11/14/
SECTION: J                                                TIME:   11:55  =====
CLASS: 2          ORLEANS PARISH CRIMINAL DISTRICT COURT  PAGE:          ===
```

```
=================================================================
  DATE   PROCEEDINGS
=================================================================
                                                        GEORGEM
6/14/2010
         CONSTITUTION, ART.802 OF THE LA CODE OF EVIDENCE, ART.729.5 OF
         THE LA. CODE OF CRIMINAL PROCEDURE, AND ART. 1002 OF THE
         LA. CODE OF EVIDENCE.
         THE COURT HAS TAKEN THIS FINAL MOTION UNDER ADVISEMENT.
         RULING ON THIS MOTION; 6-15-10.

                                                        GEORGEM
6/15/2010                                        >DEFENDANT MICHAEL ALLEN DID NOT APPEAR FOR PRE-TRIAL CONFERENCE
         >DEFENDANT IN CUSTODY AND NOT BROUGHT INTO COURT. THE COURT
         WAIVED THE DEFENDANT'S PRESENCE. >RESET BY COURT >RESET, TRIAL
         IN PROGRESS. >PRE-TRIAL CONFERENCE SET FOR 06/16/10
         >DEFENDANT'S PRESENCE NOT REQUIRED.
         >DEFENDANT, MICHAEL TREAUDO , APPEARED REPRESENTED BY WILLIAM
         BOGGS AND CA >DAVID PIPES and RACHEL AFRICK REPRESENTED THE
         STATE. >TRIAL CONTINUED FROM 06/14/10 >STATE WITNESSES: >STATE
         EVIDENCE: S001 S002 S003 S004 S005 S006 S007 S008 S009 S10 S11
         S12 S13 S14 S15 4 ENVELOPES W/ BULLETS Presented to Jury &
         Filed RECOVERED FROM BODY OF VICTIM. S16 S17 S18 S19 S20 S21A-H
         S22 S23 S24 S25 S26 S27 S28 S29 S30 S31 TRANSCRIPTS OF
         TREAUDO'S       Presented to Jury & Filed AUDIO RECORDING OF
         STATEMENT. S32 S33 S34 S35 S36 S37 >TRIAL CONTINUED TO 06/16/10
         >SEND NOTICES. >NOTIFY DEF.COUNSEL. >PDOJL

                                                        WRIGHTD
6/16/2010
         >RESET BY COURT TRIAL IN PROGRESS, STATE V. MICHAEL TREAUDO.
         >PRE-TRIAL CONFERENCE SET FOR 06/18/10 >NOTIFY DEF.COUNSEL.
         >PDOJL
         >DEFENDANT, MICHAEL TREAUDO , APPEARED REPRESENTED BY WILLIAM
         TRIAL REPRESENTED BY WILLIAM BOGGS AND CARRIE ELLIS. >DAVID
         PIPES and RACHEL AFRICK REPRESENTED THE STATE. >TRIAL CONTINUED
         FROM 06/15/10 >STATE WITNESSES: >STATE EVIDENCE: S38 S39 S40
         S41 S42 S43 >DEFENSE WITNESSES: >JURY RETIRED TO DELIBERATE.
         >JURY RETURNED. >JURY RETIRED TO DELIBERATE. >JURY RETURNED.
         >JURY RETIRED TO DELIBERATE. >JURY RETURNED. >JURY RETIRED TO
         DELIBERATE. >JURY RETURNED WITH VERDICT. >FOR DEFENDANT MICHAEL
         TREAUDO >FOR 1 HUNG JURY. RS 14 30.1 SECOND DEGREE MURDER >NO
         VERDICT. JURY DISMISSED. >PRE-TRIAL CONFERENCE SET FOR 06/22/10
         >NOTIFY DEF.COUNSEL. >PDOJL

                                                        WRIGHTD
6/18/2010
         >PRE-TRIAL CONFERENCE SET FOR 06/23/10 >NOTIFY DEF.COUNSEL.
         >PDOJL

                                                        WRIGHTD
6/22/2010
         >THE DEFENDANT, MICHAEL TREAUDO APPEARED FOR PRE-TRIAL
         PRE-TRIAL CONFERENCE WITH COUNSEL, WILLIAM BOGGS. >TRIAL SET
         FOR 10/05/10 >SEND NOTICES. >NOTIFY DEF.COUNSEL. >PDOJL

                                                        WRIGHTD
6/23/2010
         >DEFENSE COUNSEL ERIC MALVEAUX APPEARED WITHOUT DEFENDANT,
         MICHAEL ALLEN FOR PRE-TRIAL CONFERENCE >DEFENDANT IN CUSTODY
         AND NOT BROUGHT INTO COURT. >RESET BY COURT TRIAL IN PROGRESS,
         STATE V. LEONARD NELLUM >PRE-TRIAL CONFERENCE SET FOR 06/25/10
         >NOTIFY DEF.COUNSEL. >PDOJL

                                                        WRIGHTD
6/25/2010                                        >THE DEFENDANT, MICHAEL ALLEN APPEARED FOR PRE-TRIAL CONFERENCE
         WITH COUNSEL, ERIC MALVEAUX >PRE-TRIAL CONFERENCE SET FOR
         07/15/10 >NOTIFY DEF.COUNSEL. >PDOJL

                                                        DUPLESSISH
7/15/2010
         DA FILED SET SHEET. COURT IS OUT OF SESSION ON THIS DATE. AS PER
         DA SET SHEET SET THE DEFENDANT ALLEN FOR PRE TRIAL CONFERENCE ON
         8/19/10. SEND NOTICES TO DEFENSE COUNSEL ERIC MALVEAUX. PDOJL

                                                        GEORGEM
8/19/2010                                        >THE DEFENDANT, MICHAEL ALLEN APPEARED FOR PRE-TRIAL CONFERENCE
         WITH COUNSEL, ERIC MALVEAUX >PRE-TRIAL CONFERENCE SET FOR
         09/29/10 >NOTIFY DEF.COUNSEL. >PDOJL
                               CONTINUED
```

4.

```
CASE:   490-990        D O C K E T   M A S T E R        DATE: 11/14/2017
SECTION: J                                               TIME:  11:55:40
CLASS: 2                                                 PAGE:         5
                  ORLEANS PARISH CRIMINAL DISTRICT COURT
                                     .
```

===================================================================
DATE       PROCEEDINGS
===================================================================

8/19/2010                                              GEORGEM

9/29/2010                                              GEORGEM
          >DEFENSE COUNSEL ERIC MALVEAUX APPEARED WITHOUT DEFENDANT,
          MICHAEL ALLEN FOR PRE-TRIAL CONFERENCE >DEFENDANT IN CUSTODY
          AND NOT BROUGHT INTO COURT. THE DEFENSE WAIVED THE DEFENDANT'S
          PRESENCE. >RESET, TRIAL IN PROGRESS. >PRE-TRIAL CONFERENCE SET
          FOR 10/20/10 >NOTIFY DEF.COUNSEL. >PDOJL

10/01/2010                                             GEORGEM
          >DEFENSE COUNSEL WILLIAM BOGGS AND CARRIE ELLIS APPEARED ON
          BEHALF OF DEFENDANT, MICHAEL TREAUDO. FOR UNSCHEDULED ACTIVITY;
          DEFENDANT DID NOT APPEAR. >PRESENCE OF DEFENDANT WAIVED. >TRIAL
          SET FOR 02/01/11 >SEND NOTICES. >SEND NOTICE TO DEFENSE
          COUNSELS. >PDOJL

10/20/2010                                             GEORGEM
          >THE DEFENDANT, MICHAEL ALLEN APPEARED FOR PRE-TRIAL CONFERENCE
          WITH COUNSEL, ERIC MALVEAUX >PRE-TRIAL CONFERENCE SET FOR
          02/11/11 >NOTIFY DEF.COUNSEL. >PDOJL

2/01/2011                                              GEORGEM
          >THE DEFENDANT, MICHAEL TREAUDO, APPEARED WITH COUNSELS, WILLIAM
          BOGGS AND CARRIE ELLIS FOR TRIAL. >CONTINUED ON JOINT MOTION.
          >TRIAL CONTINUED TO 02/07/11 >SEND NOTICES. >SEND NOTICE TO
          DEFENSE COUNSELS. >PDOJL

2/07/2011                                              GEORGEM
          >THE DEFENDANT, MICHAEL TREAUDO APPEARED FOR TRIAL WITH DEFENDANT,
          TRIAL WITH COUNSEL, WILLIAM BOGGS AND CARRIE ELLIS. >COUNT 1
          AMENDED TO RS 14 31 MANSLAUGHTER >DEFENDANT PLED GUILTY LIEU
          THEREOF ENTERED A PLEA. >FOR COUNT 1 RS 14 31 PLED GUILTY.
          >MICHAEL TREAUDO DEFENDANT WAIVED DELAYS. >SENTENCE: >AS TO
          COUNT    1, >7 YEARS, AT DOC AT HARD LABOR. >CONCURRENT WITH
          THESE COUNTS: ANY AND ALL >CONCURRENT WITH THESE CASES: ANY AND
          ALL >THE DEFENDANT IS GIVEN CREDIT FOR TIME SERVED: ANY AND
          ALL. >NO MULTIPLE BILL FILED. >SPECIAL CONDITIONS: >CASE
          CLOSED, THIS DEFENDANT.

2/11/2011                                              GEORGEM
          >DEFENSE COUNSEL ERIC MALVEAUX APPEARED WITHOUT DEFENDANT,
          MICHAEL ALLEN FOR PRE-TRIAL CONFERENCE >DEFENDANT IN CUSTODY
          AND NOT BROUGHT INTO COURT. >PRESENCE OF DEFENDANT WAIVED.
          >PRE-TRIAL CONFERENCE SET FOR 02/18/11 >NOTIFY DEF.COUNSEL.
          >PDOJL

2/18/2011                                              GEORGEM
          >THE DEFENDANT, MICHAEL ALLEN APPEARED FOR PRE-TRIAL CONFERENCE
          WITH COUNSEL, ERIC MALVEAUX >TRIAL SET FOR 05/10/11 >SEND
          NOTICES. >NOTIFY DEF.COUNSEL. >PDOJL

5/10/2011                                              GEORGEM
          >DEFENSE COUNSEL ERIC MALVEAUX APPEARED WITHOUT DEFENDANT,
          MICHAEL ALLEN FOR TRIAL THE DEFENDANT APPEARED IN SECTION "A"
          ON THIS DAY. THE DEFENSE WAIVED THE PRESENCE OF THE DEFENDANT.
          >CONTINUED ON DEFENSE MOTION. >TRIAL CONTINUED TO 07/25/11
          >SEND NOTICES. >NOTIFY DEF.COUNSEL. >PDOJL

7/11/2011                                              GEORGEM
          >DEFENDANT, MICHAEL ALLEN DID NOT APPEAR FOR FILING(S) IN OPEN
          COURT COUNSEL LASHONDA WEBB APPEARED ON BEHALF OF COUNSEL OF
          RECORD, ERIC MALVEAUX. -THE TENDERED THE JAIL TAPES AND
          TRANSCRIPTION. *THE STATE FILED> PRIEUR NOTICE. >THIS MATTER
          WAS PREVIOUSLY SET FOR TRIAL ON 7-25-11.

7/25/2011                                              GEORGEM
          >DEFENDANT, MICHAEL ALLEN APPEARED WITH COUNSEL, ERIC MALVEAU
          FOR TRIAL >THE STATE RESET THIS TRIAL, BECAUSE A TRIAL WAS IN
          PROGRESS. >PRIEUR HEARING SET FOR 08/01/11 SEND NOTICE TO
          DEFENSE COUNSEL. PLACE THE DEFENDANT ON THE JAIL LIST. >TRIAL

                              CONTINUED

                                                       5.

```
CASE:  490-990        D O C K E T   M A S T E R        DATE: 11/14/2017
SECTION: J                                                TIME:  11:55:40
CLASS: 2                                                   PAGE:       6
                 ORLEANS PARISH CRIMINAL DISTRICT COURT
```

```
==================================================================================
 DATE     PROCEEDINGS
==================================================================================
```

**7/25/2011**                                                        GEORGEM
SET FOR 09/12/11 >SEND NOTICES. >NOTIFY DEF.COUNSEL. >PDOJL

**8/01/2011**                                                        GEORGEM
>THE DEFENDANT, MICHAEL ALLEN APPEARED FOR HEARING ON MOTIONS
PRIEUR HEARING WITH COUNSEL, ERIC MALVEAU. >STATE CALLED
MICHAEL TREAUDO COUNSEL CARRIE ELLIS APPEARED WITH DEFENDANT
MICHAEL TREAUDO. >PRIEUR HEARING SET FOR 08/11/11 >SEND
NOTICES. >NOTIFY DEF.COUNSEL. >PDOJL

**8/11/2011**                                                        GEORGEM
>THE DEFENDANT, MICHAEL ALLEN APPEARED FOR HEARING ON MOTIONS
PRIEUR HEARING WITH COUNSEL, ERIC MALVEAU. >STATE CALLED LAMYRA
HENRY >AFTER ARGUMENT, STATE AND DEFENSE SUBMITTED THE MATTER.
>COURT TOOK UNDER ADVISEMENT. >RULING SET FOR 08/18/11 >NOTIFY
DEF.COUNSEL. >PDOJL

**8/18/2011**                                                        GEORGEM
>THE DEFENDANT, MICHAEL ALLEN APPEARED FOR RULING WITH COUNSEL,
ERIC MALVEAU COUNSEL STEPHEN COLLINS APPEARED AND REPRESENTED
THE STATE. THE COURT GRANTED THE STATE'S PRIEUR MOTION  THE
NOTED THE OBJECTION BY THE DEFENSE. THE DEFENSE INFORMED THE
COURT OF ITS INTENT TO FILE A WRIT. THE DEFENSE ORALLY MOTIONED
FOR STAY. THE COURT DENIED THE MOTION FOR STAY. THE COURT WILL
FILE A WRITTEN JUDGMENT INTO THE RECORD. THE COURT WILL VACATE
THE PREVIOUSLY SET TRIAL DATE OF 9-12-11. >TRIAL SET FOR
09/13/11 >SEND NOTICES. >NOTIFY DEF.COUNSEL. >PDOJL

**8/26/2011**                                                        WRIGHTD
*DISCOVERT WAS TENDERED TO DEFENSE COUNSEL, ERIC MALVEAUX.
>STATE FILED: >-AMENDED PRIEUR NOTICE W/ ATTACHED POLICE
REPORT. >DISCOVERY HEARING SET FOR 08/31/11 IN SECTION J .
>HEARING ON MOTIONS SET FOR 09/06/11 IN SECTION J . >SEND
NOTICES. >NOTIFY DEF.COUNSEL. >PDOJL

**8/30/2011**                                                        TROSCLAIR
CLERK'S OFFICE RECEIVED STATE'S DISCLOSURE OF DEAL TO CO-
DEFENDANT, MICHAEL TREAUDO.(AS TO M.ALLEN)
>STATE FILED: >-DISCLOSURE OF DEAL TO CO-DEFENDANT, MICHAEL
TREAUDO.

**8/31/2011**                                                        WRIGHTD
>THE DEFENDANT, MICHAEL ALLEN APPEARED FOR DISCOVERY HEARING
WITH COUNSEL, ERIC MALVEAU >HEARING ON MOTIONS SET FOR 09/06/11
IN SECTION J . >SEND NOTICES. >NOTIFY DEF.COUNSEL. >PDOJL

**9/01/2011**                                                        WRIGHTD
>STATE FILED: >-MOTION AND ORDER FOR WRIT OF HABEAS CORPUS AD
TESTIFICADUM.

**9/02/2011**                                                        TROSCLAIR
CLERK'S OFFICE RECEIVED DEFNSE MOTION FOR DISCOVERY BY STATE.
(AS TO M.ALLEN)

**9/06/2011**                                                        GEORGEM
>THE DEFENDANT, MICHAEL ALLEN APPEARED FOR HEARING ON MOTIONS
WITH COUNSEL, ERIC MALVEAU *THE STATE TENDERED: - DISCOVERY -
THE 911 TAPE - THE JAIL TAPES =THE STATE FILED> DISCLOSURE.
THIS TRIAL DATE WAS PREVIOUSLY SELECTED. >TRIAL SET FOR
09/13/11 >SEND NOTICES. >NOTIFY DEF.COUNSEL. >PDOJL

**9/08/2011**                                                        MARTINDA
>*PLEASE NOTE SECTION "J" IS NOT IN SECTION AND SECTION "K" ACTIN
ON SECTION "J" BEHALF >THE STATE FILED: -MOTION AND ORDER FOR
WRIT OF HABEAS CORPUS AD PROSEQUENDUM -ORDER(SIGNED BY JUDGE
HUNTER)

**9/13/2011**                                                        SCOTTD
D.A. FILED SET SHEET, TRIAL SET FOR 9/14/11. PDOJL

**9/14/2011**                                                        GEORGEM
>DEFENDANT, MICHAEL ALLEN APPEARED WITH COUNSEL, ERIC MALVEAU

                          CONTINUED

6

```
CASE:  490-990          D O C K E T   M A S T E R         DATE: 11/14/2017
SECTION: J                                                 TIME:  11:55:40
CLASS: 2                                                   PAGE:         7
            ORLEANS PARISH CRIMINAL DISTRICT COURT
```

==========================================================================
DATE     PROCEEDINGS
==========================================================================

**9/14/2011**                                                    GEORGEM
FOR TRIAL >RESET BY COURT >TRIAL CONTINUED TO 09/26/11 >SEND
NOTICES. >NOTIFY DEF.COUNSEL. >PDOJL

**9/15/2011**                                                    GEORGEM
CLERK'S OFFICE RECEIVED STATE'S MOTION AND ORDER FOR WRIT OF
HABEAS CORPUS AD TESTIFICANDUM.(AS TO M.ALLEN)

**9/26/2011**                                                    GEORGEM
CLERK'S OFFICE RECEIVED STATE'S NOTICE OF INTENTION TO USE
CONFESSION OR STATEMENT PURSUANT TO CODE OF CRIMINAL PROCEDURE
ARTICLE.768.(AS TO M.ALLEN)
********************************************************************
CLERK'S OFFICE RECEIVED STATE'S NOTICE OF INTENT TO USE
DEFENDANT'S PREVIOUSLY RULED ADMISSIBLE INCULPATORY STATEMENTS
OR CONFESSIONS TO LAW ENFORCEMENT PERSONNEL OPENING STATEMENTS
PURSUANT TO LA.CODE OF CRIMINAL PROCEDURE ART.767.
(AS TO M.ALLEN)
********************************************************************
PER MINUTE CLERK, TRIAL SET FOR 9/27/11. PDOJL
>THE DEFENDANT, MICHAEL ALLEN APPEARED FOR COURT ACTION W/O
HEARING WITH COUNSEL. ERIC MALVEAU THE COURT GRANTED THE
DEFENSE MOTION IN LIMINE TO EXCLUDE CERTAIN JAIL TAPES. THE
COURT NOTED THE OBJECTION BY THE STATE. THE STATE INFORMED THE
COURT OF ITS INTENT TO FILE A WRIT ON THE COURT'S RULING. >*THE
STATE FILED> NOTICE OF INTENT TO FILE A WRIT. THE COURT SET THE
WRIT RETURN DATE TO TUESDAY,9-27-11 AT 10:00AM.
>DEFENDANT, MICHAEL ALLEN . APPEARED REPRESENTED BY ERIC MALVEAU
>DEFENDANT ELECTED TRIAL BY JURY. >STEPHEN COLLINS and JASON
NAPOLI REPRESENTED THE STATE. >DEFENSE FILED THESE MOTIONS:
>-IN LIMINE FOR JAIL TAPES >STATE FILED THESE MOTIONS: >-NOTICE
OF INTENT TO USE DEFENDANT'S STATEMENT TO LAW ENFORCEMENT
PERSONNEL. >-NOTICE OF INTENT TO USE CONFESSION OR STATEMENT.
-NOTICE OF INTENT TO FILE A WRIT. 12 JURORS AND 2 ALTERNATES;THE
DEFENSE AS TO MICHAEL ALLEN EXCUSED 12 JURORS, AND 6 WERE
EXCUSED FOR CAUSE. >13 JURORS WERE EXCUSED FOR  BY THE STATE
>TRIAL CONTINUED TO 09/27/11 >PDOJL

**9/27/2011**                                                    GEORGEM
AS PER THE DEFENDANT, MICHAEL ALLEN:
THE COURT ISSUED A NO BOND, NO ROR. ALIAS CAPIAS FOR THE
STATE WITNESS TYRONE PHILLIPS; FOR FAILURE TO COMPLY WITH
SUBPOENA AND FAILURE TO APPEAR TO TESTIFY AT TRIAL.
>DEFENDANT, MICHAEL ALLEN . APPEARED REPRESENTED BY ERIC MALVEAU
TRIAL REPRESENTED BY ERIC MALVEAU. >STEPHEN COLLINS and JASON
NAPOLI REPRESENTED THE STATE. >TRIAL CONTINUED FROM 09/26/11
*THE STATE FILED> ORIGINAL APPLICATION FOR WRIT OF SUPERVISORY
REVIEW-2099-K-1340. *THE DEFENSE MOTIONED FOR MISTRIAL; DENIED
BY THE COURT. >STATE WITNESSES: >STATE EVIDENCE: S-EX-01
S-EX-02 S-EX-03 S-EX-04 S-EX-05 S-EX-06 S-EX-07 S-EX-08 S-EX-09
S-EX-10 S-EX-11 S-EX-12 S-EX-13 S-EX-14 S-EX-15 S-EX-16 S-EX-17
S-EX-18 S-EX-19 S-EX-20 S-EX-21 S-EX-22 S-EX-23 S-EX-24 S-EX-25
S-EX-26 S-EX-27 S-EX-28 S-EX-29 S-EX-30 S-EX-31 S-EX-32 >TRIAL
CONTINUED TO 09/28/11 >PDOJL

**9/28/2011**                                                    SCOTTD
PER MINUTE CLERK, TRIAL SET FOR 9/29/11. PDOJL
>DEFENDANT, MICHAEL ALLEN , APPEARED REPRESENTED BY ERIC MALVEAU
TRIAL REPRESENTED BY ERIC MALVEAU. >STEPHEN COLLINS and JASON
NAPOLI REPRESENTED THE STATE. >TRIAL CONTINUED FROM 09/27/11
>STATE WITNESSES: >STATE EVIDENCE: S-EX-33 S-EX-34 S-EX-35
S-EX-36 S-EX-37 S-EX-38 S-EX-39 S-EX-40 S-EX-41 S-EX-42 S-EX-43
S-EX-44 S-EX-45 >DEFENSE WITNESSES: >DEFENSE EVIDENCE: D-EX-01
>JURY RETIRED TO DELIBERATE. >JURY RETURNED WITH VERDICT. >FOR
DEFENDANT MICHAEL ALLEN >FOR 1 RS 14 30.1 DEFENDANT FOUND
GUILTY BY JURY. *THE SUPREME COURT FILED> LETTER; DATED
9-27-11. *THE FOURTH CIRCUIT COURT OF APPEAL FILED> WRIT #
2011-K-1340- WRIT DENIED. *DEFENSE COUNSEL MOTIONED FOR
MISTRIAL SEVERAL TIMES DURING THE COURS OF THE PROCEDING. THE
COURT DENIED ALL MISTRIAL MOTIONS. >SENTENCING SET FOR 10/14/11

                          CONTINUED

                            7

```
CASE:  490-990          D O C K E T   M A S T E R        DATE: 11/14/2017
SECTION: J                                                TIME:  11:53:40
CLASS: 2                                                  PAGE:       8
                    ORLEANS PARISH CRIMINAL DISTRICT COURT
```

==================================================================
 DATE     PROCEEDINGS
==================================================================

                                                            GEORGEM
 9/28/2011   >NOTIFY DEF.COUNSEL. >PDOJL *THE COURT RECALLED THE ALIAS
             CAPIAS ISSUED ON WITNESS TYRONE PHILLIPS; ISSUED ON 9-27-11.

                                                            GEORGEM
10/14/2011   >THE DEFENDANT, MICHAEL ALLEN APPEARED FOR SENTENCING WITH
             COUNSEL, ERIC MALVEAU *THE DEFENSE FILED>MOTION FOR
             POST-VERDICT JUDGMENT OF ACQUITTAL. THE MOTION WAS DENIED. *THE
             DEFENSE FILED> MOTION FOR APPEAL & DESIGNATION RECORD. THE
             MOTION WAS GRANTED. THE COURT ALSO APPOINTED THE APPELLATE
             PROJECT. >SENTENCE: >AS TO COUNT 1, >LIFE AT DEPARTMENT OF
             CORRECTIONS. >WITHOUT BENEFIT OF PROBATION, PAROLE OR
             SUSPENSION. >CASE CLOSED, THIS DEFENDANT.

                                                            GEORGEM
12/05/2011   >THE DEFENDANT, MICHAEL ALLEN: ** APPEAL PROCESS COMPLETED IN
             SECTION "J" ON THIS DAY. THE MINUTE CLERK WILL FORWARD NOTICE
             OF APPEAL TO COURT REPORTERS, BARBARA WALLACE AND VINCENT
             BORELLO,JR AND ALSO TO JUDICIAL ADMINISTRATION APPELLATE CLERK
             RAE CUPIT. ALL OTHER NOTICES OF APPEAL, THE MOTION FOR APPEAL,
             THE CASE RECORD AND THIS MINUTE ENTRY WILL BE ON THIS DAY
             FORWARDED TO THE CLERK OFFICE. >APPEAL STATUS SET FOR 03/05/12

                                                            HICKS
12/13/2011   CLERK'S OFFICE FILED NOTICE OF APPEAL.

                                                            WRIGHTD
 3/05/2012   >THE DEFENSE FILED FOR APPEAL IN THIS MATTER. THE APPEAL STATUS
             IN THIS MATTER HAS BEEN SATISFIED. >THIS MATTER IS CONTINUED
             WITHOUT DATE.

                                                            TROSCLAIR
10/01/2012   CLERK'S OFFICE RECEIVED MOTION AND ORDER TO SUPPLEMENT APPEAL.

                                                            GEORGEM
12/02/2013   AS PER THE DEFENDANT, MICHAEL ALLEN:
             (MINUTE CLERK DOCKET MASTER ENTRY)
             FOURTH CIRCUIT COURT OF APPEAL, # 2012-KA-1118, APPEAL WAS FILED
             INTO THE RECORD ON THIS DATE.
             THE DEFENDANT'S CONVICTION WAS AFFIRMED ON 11/20/13.

                                                            GEORGEM
 5/26/2015   AS PER THE DEFENDANT, MICHAEL ALLEN:
             (MINUTE CLERK DOCKET MASTER ENTRY)
             -FILED INTO THE RECORD, ON THIS DATE:
             DEFENDANT'S UNIFORM APPLICATION FOR POST CONVICTION RELIEF.

                                                            GEORGEM
 5/28/2015   >DEFENDANT, MICHAEL ALLEN DID NOT APPEAR FOR UNSCHEDULED
             JUDICIAL ACTIVITY >THE COURT WAIVED THE PRESENCE OF THE
             DEFENDANT. *THE COURT FILED> ORDER. -AFTER REVIEWING THE
             EVIDENCE AND CONSIDERING THE LAW, THE PETITIONER HAS FAILED TO
             STATE A CLAIM OF RELIEF BASED UPON THE GROUNDS SET FORTH IN
             LA.C.CR.P.ART.930.3. AS SUCH, PETITIONER'S APPLICATION FOR
             POST-CONVICTION RELIEF IS DENIED. -NOTIFICATION OF THE COURT'S
             RULING SHALL BE MAILED TO PETITIONER AT THE LOUISIANA STATE
             PENITENTIARY, DOC # 575625, 17544 TUNICA TRACE, ANGOLA, LA
             70712. >CASE CLOSED, THIS DEFENDANT.

                                                            GEORGEM
10/03/2017   >DEFENDANT, MICHAEL ALLEN DID NOT APPEAR FOR UNSCHEDULED
             JUDICIAL ACTIVITY. >THE COURT WAIVED THE PRESENCE OF THE
             DEFENDANT. *THE COURT FILED> ORDER. -AFTER REVIEWING THE
             EVIDENCE AND CONSIDERING THE LAW, THE DEFENDANT HAS NOT
             DEMONSTRATED A SPECIFIC NEED FOR THE DISTRICT ATTORNEY TO TURN
             OVER HIS CASE FILE. AS SUCH, DEFENDANT'S MOTION FOR PRODUCTION
             OF DOCUMENTS IS DENIED AT THIS TIME. A COPY OF THE COURT ORDER
             WILL BE MAILED TO THE PRO SE APPLICANT. >CASE CLOSED, THIS
             DEFENDANT.

==================================================================
                        END OF DOCKET MASTER
==================================================================

PARISH OF ORLEANS     *     **ARREST WARRANT**

STATE OF LOUISIANA     *     **N.O.P.D. ITEM # <u>F-08717-09</u>**

## <u>WARRANT OF ARREST</u>

**TO:** **THE SUPERINTENDENT OF THE NEW ORLEANS POLICE DEPARTMENT, HIS AUTHORIZED REPRESENTATIVE (S), AND ALL OTHER PEACE OFFICERS IN THE STATE OF LOUISIANA.**

AFFIDAVIT (S) HAVING BEEN MADE BEFORE ME, UNDER OATH, BY <u>**DET. KEVIN BURNS**</u> , EMPLOYED BY THE NEW ORLEANS POLICE DEPARTMENT, ON THE <u>**8TH**</u> DAY OF <u>**June**</u>, (2009), THAT ON THE <u>**7TH**</u> DAY OF <u>**June**</u>, **2009**, THE OFFENDER, <u>**Michael Allen (BM 11-5-86)**</u>, DID COMMIT THE CRIME OF <u>**Second Degree Murder**</u>, AS DEFINED IN LOUISIANA REVISED STATUTE <u>**14:30.1**</u> , WHICH CRIME WAS COMMITTED IN THE PARISH OF ORLEANS, STATE OF LOUISIANA.

   **YOU ARE, THEREFORE, COMMANDED TO ARREST SAID OFFENDER AND TAKE HIM / HER FORTHWITH TO BE BOOKED AND CHARGED IN ACCORDANCE WITH LAW.**

   SIGNED AT NEW ORLEANS, LOUISIANA, ON THIS <u>**8TH**</u> DAY OF <u>**June**</u>, **2009**.

       _____

       JUDGE, ORLEANS PARISH COURT,

       SECTION _____ *M-2*

*Appendix "B"*

*3:17PM*

*9.*

PARISH OF ORLEANS                              *        APPLICATION FOR

STATE OF LOUISIANA                             *        ARREST WARRANT

                                               •        N.O.P.D. ITEM # <u>F-08717-09</u>

**BEFORE ME,** the undersigned Judge of <u>Magistrate</u> Court, Parish of Orleans, State of Louisiana, personally came and appeared: <u>Det. Kevin Burns Jr,</u> employed by the New Orleans Police Department, 715 South Broad Street, New Orleans, Louisiana.  WHO, after first being duly sworn by me, deposed and stated that a warrant of arrest should issue ordering the arrest of:<u>Michael Allen</u>, (BM11-5-86) who, on the <u>7th</u> day of <u>June</u>, Year **2009**, in the Parish of Orleans, State of Louisiana, did commit the crime of <u>second degree murder</u>, as defined in the Louisiana Revised Statute <u>14:30.1</u>.  The facts and circumstances given to support the issuance of this warrant are as follows:   <u>On Sunday, June 7, 2009 Michael Allen and a second suspect arrived at the victim's residence. The second suspect called the victim to a Chevrolet Tahoe in which he (2nd suspect) was driving.  Michael Allen exited the vehicle and allowed the victim to sit in the front seat. The second suspect then drove to the 5700 block of Red Maple Street. Witnesses observed a Chevrolet Tahoe in the street and heard three shots coming from the inside of the vehicle. Immediately after the shots, the victim's lifeless body was thrown from the vehicle. The vehicle then drove away. Witnesses were able to obtain a partial license plate number as well as a vehicle description. Michael Allen was then placed in a line up. He was then positively identified by a witness. It is respectfully requested that a warrant of arrest be issued for Michael Allen for second degree murder.</u>

<u>                    AFFIANT</u>

SWORN TO AND SUBSCRIBED BEFORE ME
THIS <u>8th</u> DAY OF <u>June</u>, Year 2009,
AT NEW ORLEANS, LOUISIANA.

<u>                    </u>
**JUDGE, ORLEANS PARISH**
                          **COURT,**
**SECTION** *M - 2*   10.
             3:10PM

DUPLICATE

FOURTH CIRCUIT COURT OF APPEAL

STATE OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NUMBER: 2012-KA-1118

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF LOUISIANA
APPELLEE

VERSUS

MICHAEL ALLEN
APPELLANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CRIMINAL APPEAL
FROM THE ORLEANS PARISH CRIMINAL DISTRICT COURT
DOCKET NO. 490-990 J
HONORABLE DARRYL DERBIGNY

ORLEANS PARISH, LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORIGINAL BRIEF ON BEHALF OF APPELLANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LOUISIANA APPELLATE PROJECT:
PEGGY J. SULLIVAN
ATTORNEY FOR MICHAEL ALLEN
P. O. BOX 2806
MONROE, LOUISIANA 71207-2806
(318) 855-6038
BAR ROLL NO. 18,454

CRIMINAL APPEAL     Appendix "C-1"

11.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ACTION OF THE TRIAL COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ASSIGNMENTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ISSUES ON APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    ASSIGNMENT OF ERROR NO. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    ASSIGNMENT OF ERROR NO. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    ASSIGNMENT OF ERROR NO. 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    ERROR PATENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

12.

# TABLE OF AUTHORITIES

**Constitutional Provisions**
La. Constitution, Article I, Section 16 .................................. 10

La. Constitution, Article V, Section 10(A)(3) ........................... 1

U.S. Constitution, Amend. VI ........................................ 10

U.S. Constitution, Amend. XIV, Due Process Clause ................... 8, 10

**Statutory Provisions**
La. C.Cr.P. Art. 821 ............................................... 8

La. C.Cr.P. Art. 914 ............................................... 13

La. C.Cr.P. Art. 922 ............................................... 13

La. C.Cr.P. Art. 930.8 ............................................. 13

La. C.E. 404(B) ................................................... 12

**Case Law**
*Jackson v. Virginia*, 443 U.S. 307 (1979) ........................... 7, 8

*State v. Blank*, 04-0204 (La. 4/11/07), 955 So.2d 90,
    *cert. denied*, 552 U.S. 994 (2007) ................................ 10

*State v. Combs*, 600 So.2d 751 (La. App. 2 Cir.1992),
    *writ denied*, 604 So.2d 973 (La.1992) ............................ 8

*State v. Dressner*, 08-1366 (La. 07/06/10); 45 So. 3d 127 ................. 10

*State v. Frederick*, 340 So.2d 1353 (La. 1976) .......................... 12

*State v. Gattis*, 36,661 (La. App. 2 Cir. 03/14/03), 839 So.2d 1258 .......... 11

*State v. Jackson*, 352 So.2d 195 (La. 1977) ............................ 12

*State v. Lafleur*, 398 So.2d 1074, 1080 (La. 1981) ....................... 12

*State v. Ledet*, 345 So.2d 474 (La. 1977) .............................. 12

*State v. Lee*, 340 So.2d 1339, 1345 (La. 1976) .......................... 12

*State v. Matthews*, 375 So.2d 1165 (La. 1979) .......................... 8

*State v. McDermitt*, 406 So.2d 195, 200 (La.1981) ....................... 11

*State v. O'Neal*, 44,067 (La. App. 2 Cir. 04/08/09), 7 So. 3d 182 ............ 13

13.

*State v. Prieur*, 277 So.2d 126 (La. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*State v. Rhodes*, 29-207 (La. App. 2 Cir. 1/22/97), 688 So.2d 628 . . . . . . . . . . 12

*State v. Sutfield*, 354 So.2d 1334 (La. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

14.

## STATEMENT OF JURISDICTION

Jurisdiction of this Court is vested by Article V, Section 10(A)(3) of the Constitution of the State of Louisiana of 1974, in that this is an appeal of a felony criminal prosecution.

## STATEMENT OF THE CASE

On June 7, 2009, Michael Treaudo borrowed Tasha Jones's teal Chevy Tahoe and told her he was going to pick up Michael Allen. (Transcript of trial, Sept. 28, 2011, pp. 33, 42). According to Mr. Treaudo's testimony, he did go pick up Mr. Allen. (09-28-11, p. 86). A short time later, the teal Tahoe pulled up outside Arthur Brown's residence. Nicole Jackson, Arthur Brown's girlfriend and the mother of his child, testified she went outside and saw the Tahoe and that Michael Treaudo (who was the only person she saw in the Tahoe) asked her where "Rat" (Arthur Brown's nickname) was. (09-27-11, pp. 36-7). She went inside and told "Rat" who was asking for him; and, "Rat" went outside. (09-27-11, p. 30). She never saw him again. When she went back outside, her son told her "Rat" left in the Tahoe. (09-27-11, p. 31).

Mr. Treaudo, who testified at Mr. Allen's trial after receiving a plea bargain for a manslaughter conviction and a seven-year sentence, told the jury he had a conversation with Mr. Allen the day before, in which Mr. Allen indicated he believed "Rat" had picked up two hundred dollars Mr. Allen dropped. (09-28-11, pp. 80, 83). He testified he and Mr. Allen picked "Rat" up to go to a friend of "Rat's" and buy some marijuana. (09-28-11, p. 86). The stop at the friend's house was fruitless. Mr. Treaudo testified the three went next to his uncle's house, who was not home. According to Mr. Treaudo, Mr. Allen then asked him to drive toward the East, so he could take some money to a girl. (09-28-11, p. 88). They drove to a neighborhood

WO                                    nor

with only one way in or out, and went into the neighborhood. (09-28-11, p. 90). When they got to the point where Mr. Treaudo claimed Mr. Allen told him to stop, Mr. Treaudo was on the phone with his friend Latoria Carter. (09-28-11, pp. 89, 91). He testified he, Mr. Allen and "Rat" all got out of the Tahoe, as he told Latoria he would call her back. Then, according to Mr. Treaudo's testimony, he walked around the corner of the Tahoe to see Mr. Allen shoot "Rat" in the head. He ran back to get in the Tahoe, and heard four more shots. (09-28-11, p. 91). Arthur "Rat" Brown died of multiple gunshot wounds to the head. (09-28-11, pp. 7-15).

Yolanda Merritt, who lived in the neighborhood where the shooting took place, testified she saw a teal Chevy SUV drive past her house shortly after she heard sounds she took for gunshots. (09-27-11, pp. 49-50). She noticed the Chevy because the nature of the neighborhood was such that she was familiar with all the cars that frequented the neighborhood. (09-27-11, p. 50). When presented with photographic lineups containing Mr. Treaudo and Mr. Allen, she identified Mr. Treaudo, but not Mr. Allen. (09-27-11, pp. 55-6).

New Orleans Police Department Detective Kevin Burns testified no physical evidence connected Mr. Allen to the murder of Arthur "Rat" Brown. (09-27-11, p. 109). Aside from Mr. Treaudo's self-serving testimony, no other testimony placed Mr. Allen with Mr. Treaudo that day with any degree of certainty. Ms. Jones testified Mr. Treaudo told her he was going to pick up Mr. Allen, but she could offer no insight into whether he actually did so. (09-28-11, p. 42). Lamyra Henry, the mother of another of Mr. Brown's children, testified she talked on the phone to Mr. Brown just minutes before his death, and he told her he was with "Son" (Mr. Treaudo) and "Mike." (09-28-11, p. 46). Though she admitted she knew more than one "Mike," it was her opinion "Mike" was Michael Allen. (09-28-11, pp. 50, 58). Latoria Carter, who was on the phone with Mr. Treaudo, did not hang up the phone when Mr.

2

16

Treaudo told her he would call her back.  She heard shots, and heard a voice she

believed to be Mr. Treaudo's ask, "Man, what the f**k you did that for?" but she

could not identify the other voice she heard.  (09-28-11, pp. 129-30).

17.

## ACTION OF THE TRIAL COURT

By Bill of Indictment filed October 1, 2009, the State of Louisiana charged Michael Allen and Michael Treaudo with the second degree murder of Arthur Brown. (R. pp. 1-2). On January 26, 2010, the Trial Court heard Mr. Allen's motion to suppress, after which it denied the motion. (R. p. 5). The Trial Court heard the State's *Prieur* motion on August 11, 2011; and, on August 18, 2011, it deemed admissible evidence of Mr. Allen's involvement in a shooting in 2004. (R. p. 9).[1] Jury trial commenced on September 27, 2011, at the conclusion of which the jury found Mr. Allen guilty as charged of second degree murder. (R. p. 10, transcript of trial, Sept. 28, 2011, p. 154).[2] The Trial Court refused to permit Mr. Allen to present evidence, in his case in chief, of the criminal history of Jacque Wayne Charles, who Mr. Allen was alleging could have been a co-conspirator with Michael Treaudo. (09-28-11, pp. 155-6). On October 14, 2011, the Trial Court sentenced Mr. Allen to life in prison without benefit of probation, parole or suspension of sentence and denied his motion for post-verdict judgment of acquittal. (R. p. 11, transcript of sentencing, Oct. 14, 2011, p. 2). A motion for appeal was also filed on October 14, 2011; and, the Louisiana Appellate Project, through undersigned counsel, was appointed to represent Mr. Allen for purposes of appeal. (R. pp. 76, 78).

---

[1] The transcript of the August 11 and 18, 2011, hearings are not a part of the record on appeal. A motion to supplement the record is filed simultaneously with this brief. Defendant reserves the right to file a supplemental brief at a later date, should the motion to supplement be granted.

[2] The transcripts of the proceedings in this matter are not marked with record page numbers.

18

 

## ASSIGNMENTS OF ERROR

1.  The evidence adduced at trial was insufficient to support a conviction for second-degree murder.

2.  The Trial Court erred in refusing to permit Michael Allen to present a defense in the form of evidence of the criminal history of one Jacque Wayne Charles, a potential co-conspirator with Michael Allen's co-defendant, Michael Treaudo.

3.  The Trial Court erred in permitting the State to introduce evidence of Michael Allen's involvement in a 2004 shooting, for which he was not convicted, because the evidence introduced was more prejudicial than probative.

ERROR PATENT: The Trial Court erred in failing to advice Michael Allen of his right to post-conviction relief and the three-year time limit therefor.

5

19

## ISSUES ON APPEAL

1.  Whether The evidence adduced at trial was insufficient to support a conviction for second-degree murder.

2.  Whether the Trial Court erred in refusing to permit Michael Allen to present a defense in the form of evidence of the criminal history of one Jacque Wayne Charles, a potential co-conspirator with Michael Allen's co-defendant, Michael Treaudo.

3.  Whether the Trial Court erred in permitting the State to introduce evidence of Michael Allen's involvement in a 2004 shooting, for which he was not convicted, because the evidence introduced was more prejudicial than probative.

ERROR PATENT: Whether the Trial Court erred in failing to advice Michael Allen of his right to post-conviction relief and the three-year time limit therefor.

20

## ARGUMENT

<u>ASSIGNMENT OF ERROR NO. 1:</u>
Insufficient evidence

The evidence adduced at Michael Allen's trial was not sufficient to support a conviction for second degree murder. Only Michael Treaudo's self-serving testimony put Mr. Allen with him at the time of the shooting with any degree of certainty. Detective Kevin Burns testified no physical evidence connected Mr. Allen to the murder. Ms. Jones's testimony Mr. Treaudo told her he was going to pick up Mr. Allen serves only to prove Mr. Treaudo *wanted her to believe* he was going to pick up Mr. Allen. Her testimony does not prove Mr. Treaudo actually did so. Nicole Jackson did not see anyone in the Tahoe but Mr. Treaudo, moments before Arthur Brown left her home in that Tahoe. Lamyra Henry's testimony demonstrates nothing more than the fact Mr. Brown told her he was with "Son" and "Mike;" and, she admitted she knew more than one "Mike." Further, Ms. Henry admitted that, when she testified at Michael Treaudo's trial (which ended with a hung jury), she only told the jury Mr. Brown stated he was with "Son." She did not testify, at Mr. Treaudo's trial, that Mr. Brown indicated he was with anyone other than Mr. Treaudo. (09-28-11, pp. 147-9, 152).

Latoria Carter, who was on the phone with Mr. Treaudo at the time shots rang out, could only identify one voice – that of Mr. Treaudo. The only person Yolanda Merritt was able to identify as having been in the Tahoe when it drove past her house was Mr. Treaudo. All the evidence and testimony points to Michael Treaudo being with Arthur Brown when he was shot; only Mr. Treaudo's self-serving testimony and statements gave indication Michael Allen was with them.

The standard of review for sufficiency of the evidence is set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979):

21

> A conviction must be based on proof sufficient for any rational trier of
> fact, when viewing the evidence in the light most favorable to the
> prosecution, to find the essential elements of the crime proven beyond
> a reasonable doubt.

In reviewing the sufficiency of the evidence to support a criminal conviction,

the Due Process Clause of the Fourteenth Amendment to the United States

Constitution requires the court to determine whether the evidence is minimally

sufficient. A complete reading of the transcript of this trial shows that the state failed

to meet the burden of *Jackson v. Virginia*. In *Jackson v. Virginia*, the United States

Supreme Court set out the standard by which appellate courts are to review the

sufficiency of the evidence in criminal prosecutions:

> ... the relevant question is whether, after viewing the evidence in a light
> most favorable to the prosecution, any rational trier of the fact could
> have found the essential elements of the crime beyond a reasonable
> doubt.
>
> *Jackson*, 443 U.S. at 319.

This standard was adopted by the Louisiana Supreme Court in *State v. Matthews*, 375

So.2d 1165 (La. 1979). Further, in *State v. Rhodes*, 29-207 (La. App. 2 Cir. 1/22/97);

688 So.2d 628 the court stated:

> The relevant inquiry when reviewing a conviction for the sufficiency of
> the evidence is whether, upon viewing the evidence in the light most
> favorable to the prosecution, any rational trier of fact could have found
> the essential elements of the crime proven beyond a reasonable doubt.
> *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560
> (1979). This standard, now legislatively embodied within La.C.Cr.P.
> Art. 821, is applicable in cases involving both direct and circumstantial
> evidence. *State v. Combs*, 600 So.2d 751 (La. App. 2d Cir.1992), *writ
> denied*, 604 So.2d 973 (La.1992). All evidence, both circumstantial and
> direct, must be sufficient under *Jackson* to satisfy a rational juror that
> the defendant is guilty beyond a reasonable doubt.

The evidence in this matter is not sufficient under the *Jackson* standard to

satisfy a rational juror beyond a reasonable doubt that Michael Allen was guilty of the

murder of Arthur Brown. It was more than sufficient to satisfy a rational juror that

22

Michael Treaudo was involved in the murder of Arthur Brown, and only Mr. Treaudo's testimony implicated Michael Allen.

Michael Treaudo's testimony was not only self-serving, but was also contradictory to testimony presented by other witnesses. In connection with testimony about a shooting that took place in 2004 (erroneously admitted through the Trial Court's ruling on the State's *Prieur* motion, addressed hereinbelow), Mr. Treaudo testified Michael Allen shot at Arthur Brown, who was standing in his doorway. He also testified Mr. Brown exchanged fire with Mr. Allen that day in 2004. (09-28-11, pp. 95, 116). Directly to the contrary, Lamyra Henry testified on the day of the 2004 shooting, Arthur Brown was standing across the street from his house, beside her; he had no gun, was not involved in an exchange of gunfire, and was not in the line of fire. (09-27-11, p. 55). Tyrone Phillips, whose cousin was shot in the 2004 incident, testified he was standing in the line of fire, and Arthur Brown was nowhere near him. (09-28-11, p. 76).

Sgt. Nicholas Gernon of the New Orleans Police Department testified he participated in the arrest of Michael Treaudo. Mr. Treaudo was arrested at the home of a Ms. Woolridge, where he was found sitting on her couch. In the couch, under the cushion on which Mr. Treaudo had been sitting, police found a handgun, cleaning oil and a cell phone. Ms. Woolridge was unaware of the presence of the gun. (09-27-11, pp. 112-6). Mr. Treaudo claimed the gun was not his, and that he never saw a gun retrieved from the sofa on the day of his arrest. (09-28-11, pp. 108-9).

All the evidence presented at trial points undeniably to the victim, Arthur Brown, being in the company of Michael Treaudo when he was shot. No physical evidence links Michael Allen to the shooting. No one other than Michael Treaudo identified Michael Allen as having been present when the shooting occurred. Although Michael Treaudo received the benefit of a plea bargain, in which he pled

9

23

guilty to manslaughter and received only a seven-year sentence, the evidence presented at the trial of this matter implicates Mr. Treaudo as Arthur Brown's killer, not Michael Allen. There is not sufficient evidence to support a conviction of Michael Allen for any involvement in the death of Arthur Brown.

ASSIGNMENT OF ERROR NO. 2:
Trial Court's exclusion of evidence favorable to defense

At the conclusion of the presentation of the State's evidence, trial counsel for Mr. Allen attempted to introduce evidence of a prior conviction and criminal history of Jacque Wayne Charles. According to the testimony of Michael Treaudo, Mr. Charles was one of the individuals involved in the 2004 shooting, along with Mr. Allen. (09-28-11, pp. 116-9). Mr. Treaudo denied Mr. Charles was involved in the murder of Arthur Brown, but the defense intended to introduce the evidence of Mr. Charles's criminal history in order to present him as a possible co-conspirator with Mr. Treaudo in the killing of Arthur Brown. (09-28-11, pp. 155-6). The Trial Court stated no reason, on the record, for its refusal to permit Mr. Allen to present evidence of Mr. Charles's criminal history and possible involvement in Arthur Brown's death.

"The Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 16 of the Louisiana Constitution guarantee the criminally accused a meaningful opportunity to present a complete defense." *State v. Dressner*, 08-1366 (La. 07/06/10); 45 So. 3d 127, 137, citing *State v. Blank*, 04-0204 (La. 4/11/07), 955 So.2d 90, 130, *cert. denied*, 552 U.S. 994 (2007). Given the record's silence, in this matter, as to the Trial Court's reasoning in denying Mr. Allen the right to present his evidence, and the fact Mr. Allen was prejudiced by the Trial Court's refusal to permit him to present a defense, this Honorable Court should remand this matter to the Trial Court for a determination of the Trial Court's reasoning in excluding the evidence in question. In the event the Trial Court's reasoning is not supported by the law and

24

evidence, this Honorable Court should overturn Mr. Allen's conviction, and remand this matter for a new trial in which Mr. Allen will be permitted to present evidence in his defense.

ASSIGNMENT OF ERROR NO. 3:
Improperly admitted *Prieur* evidence

In hearings on August 11 and 18, 2011, the Trial Court determined evidence of Mr. Allen's involvement in the 2004 shooting incident was admissible.[3]  At trial, evidence regarding that incident was presented in the form of testimony from Detective John Duzac (who investigated the incident), 911 operator Yolanda Haynes, Lamyra Henry, Tyrone Phillips and Michael Treaudo.  Michael Allen was not convicted; the record is unclear as to who the victim even was.  Det. Duzac's testimony indicated the victim was Tyrone Phillips; Mr. Phillips's testimony indicated the victim was his cousin Jonathan.  (09-27-11 p. 15; 09-28-11 p. 67).  Det. Duzac implied the lack of a conviction was due to Hurricane Katrina, although the incident was in July, 2004, and Katrina did not strike New Orleans until August, 2005.  (09-27-11, pp. 5, 17).

The evidence regarding the 2004 incident was not necessary to avoid depriving the State's case of "narrative momentum and cohesiveness."  *See State v. Gattis*, 36,661 (La. App. 2 Cir. 03/14/03), 839 So.2d 1258 *writ denied*, 872 So. 2d 519 (La. 5/14/04), *cert denied*, 2005 U.S. LEXIS 2542 (U.S., 3/21/05).  Generally, evidence of criminal offenses, other than the offense being tried, is inadmissible as substantive evidence because of the substantial risk of grave prejudice to the defendant.  *State v. McDermitt*, 406 So.2d 195, 200 (La.1981).  Thus, to avoid this unfair inference that a defendant committed the crime charged simply because he is a person of bad

---

[3] Transcripts of those hearings are not a part of the record on appeal at the time of the filing of this brief.  A motion to supplement accompanies this brief.

25

character, other crimes evidence is inadmissible unless it has an independent relevancy besides merely showing a criminal disposition. *State v. Lafleur*, 398 So.2d 1074, 1080 (La. 1981). La. C.E. 404(B) provides, in pertinent part:

> [E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident.

In order to be admissible, the extraneous offense must meet several tests:

(1) There must be clear and convincing evidence of the commission of the other crimes and the defendant's connection therewith. *State v. Prieur*, 277 So.2d 126 (La. 1973);

(2) The modus operandi employed by the defendant in both the charged and uncharged offenses must be so peculiarly distinctive that one must logically say they are the work of the same person. *State v. Jackson*, 352 So.2d 195 (La. 1977); *State v. Lee*, 340 So.2d 1339, 1345 (La. 1976);

(3) The other crimes evidence must be substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. *State v. Frederick*, 340 So.2d 1353 (La. 1976);

(4) The other crimes evidence must tend to prove a material fact genuinely at issue; *State v. Ledet*, 345 So.2d 474 (La. 1977);

(5) The probative value of the extraneous crimes evidence must outweigh its prejudicial effect. *State v. Sutfield*, 354 So.2d 1334 (La. 1978); *Jackson*, 352 So.2d at 195.

In this case, there was no "clear and convincing evidence of the commission of the other crimes and the defendant's connection therewith." *See State v. Prieur*, *supra*. The testimony presented regarding the incident differed widely from one witness to another, with one witness placing Arthur Brown across the street from the shooting and not involved, and another placing him in the line of fire and shooting back. There was not a commonality of *modus operandi* - the 2004 incident involved a drive-by shooting, while the killing of Arthur Brown took place under completely different circumstances. The evidence of the 2004 incident was not substantially

12

26

relevant for any purpose other than to demonstrate to the jury what a "bad man" Michael Allen was, if he was involved in the 2004 incident. The 2004 incident did not tend to prove a material fact genuinely at issue – the only material fact genuinely at issue was whether Michael Allen was involved in the death of Arthur Brown, and nothing about the 2004 shooting tended to prove or disprove Mr. Allen's involvement. Finally, and most importantly, the probative value of the evidence of the 2004 incident did not outweigh its prejudicial effect. On the contrary, the prejudicial effect of the evidence greatly outweighed its probative value, especially given the paucity of evidence linking Mr. Allen to Arthur Brown's demise.

The Trial Court erred in permitting the State to inflame the jury with evidence of an unproven incident in 2004. By admitting that evidence, the Trial Court permitted the State to portray Mr. Allen as a "bad man," and caused him severe prejudice. This Honorable Court should not uphold a conviction tainted by the improper introduction of *Prieur* evidence.

ERROR PATENT:

At sentencing in this matter, on October 14, 2011, the Trial Court sentenced Mr. Allen to the statutorily-mandated life in prison without benefit of probation, parole or suspension of sentence. It did *not* advise Mr. Allen of his right to apply for post-conviction relief, or the delays therefor, as required by La. C.Cr.P. Art. 930.8. In *State v. O'Neal*, 44,067 (La. App. 2 Cir. 04/08/09), 7 So. 3d 182, when the Trial Court similarly failed to advise the defendant of the prescriptive period for post-conviction relief, this Honorable Court held, "[T]he defendant is advised by this opinion, that except as otherwise provided in La. C.Cr.P. Art 930.8, no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. Art. 914 or 922."

27

*O'Neal,* 7 So.3d at 189-90.  Accordingly, in the event this Honorable Court does not overturn Mr. Allen's conviction in this matter, the opinion issued by this Honorable Court should contain such an advisement.

## CONCLUSION

The evidence presented at Michael Allen's trial was not sufficient to support a conviction for second degree murder.  All the evidence pointed clearly to Michael Treaudo's involvement, but only Mr. Treaudo's self-serving testimony actually implicated Mr. Allen.  Further, the Trial Court erred in refusing to permit Mr. Allen to present a defense in this matter, in the form of the criminal history of Jacque Charles and his possible involvement in the death of Arthur Brown.  The Trial Court also erred in permitting the State to introduce evidence regarding the 2004 incident, which evidence should have been excluded under *Prieur* and its progeny.  Finally, in the event this Honorable Court does not overturn Mr. Allen's conviction, on the basis of one or more of the Trial Court's errors herein, the opinion issued by this Honorable Court should contain an advisement of Mr. Allen's rights to apply for post-conviction relief and the delays therefor.

Respectfully submitted:

for PJS

PEGGY J. SULLIVAN
LOUISIANA APPELLATE PROJECT
P.O. Box 2806
Monroe, Louisiana 71207-2806
(318) 855-6038
Bar Roll Number 18,454

14

28

## CERTIFICATE

I hereby certify that the foregoing Brief has been delivered via U.S. Mail postage prepaid to the Honorable Darryl Derbigny, Orleans Criminal District Court, 2700 Tulane Avenue, New Orleans, LA 70119; to Assistant District Attorney Stephen Collins, 619 South White Street, New Orleans, LA 70119; to Mr. Michael Allen, DOC # 575625, Louisiana State Penitentiary, General Delivery, Angola, LA 70712-9999; and, to Mr. Eric Malveau, Orleans Public Defenders, 2601 Tulane Avenue, Suite 700, New Orleans, LA 70119 .

This the 11th day of September, 2012, at Monroe, Louisiana.

PEGGY J. SULLIVAN

29