SCANNED at LSP and Emailed
12-18-20 by AP . 5 pages
date    initials  No.

RECEIVED
DEC 18 2020
Legal Programs Department

TENDERED FOR FILING
DEC 18 2020
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL ALLEN | CIVIL ACTION |
| VERSUS | NO. 19-14737 |
| DARREL VANNOY, WARDEN | SECTION: "I"(4) |

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED DEC 1 8 2020
CAROL L. MICHEL
CLERK

## OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

NOW INTO COURT, comes Mr. Michael Allen respectfully submits these objections to the Report and Recommendation of Magistrate Judge Karen Wells Roby, received by Mr. Allen on December 17, 2020. These written objections timely follow within fourteen (14) days of receipt as required under 28 U.S.C. § 636(b)(1) and *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).1 Mr. Allen respectfully objects to the Report and Recommendation issued by Magistrate Roby and respectfully request habeas corpus relief from this Honorable Court for the following reasons to wit:

### GROUNDS FOR RELIEF

1. Magistrate Karen Roby erred in recommending that the claims in Mr. Allen's 28 U.S.C. § 2254 federal habeas corpus application be dismissed with prejudice.

### OBJECTION ONE

Magistrate Karen erred in finding that Mr. Allen's federal habeas corpus application is untimely. Court records reveal that Mr. Allen filed an Application for Post Conviction Relief in the Orleans Criminal District Court on May 21, 2015. The trial court denied the APCR on May 28, 2015. The state trial court instructed that a copy of the ruling be mailed to Mr Allen. Magistrate Judge Roby determined that Mr. Allen did not seeks writs from the May 28, 2015 denial of the post conviction relief. Michael Allen was not ever notified of this ruling. In fact,

Mr. Allen wrote a letter to the clerk in Orleans Parish entitled a "post conviction status check."status of the Post Conviction Relief. Petitioner avers the trial court elected to erroneously and without the authority to treat the letter, "post conviction status check", as a second post conviction relief.

The AEDPA, requires a state prisoner to bring his § 2254 Petition within one year of the date the state conviction becoming final. Mr. Allen's one year clock was tolled upon the filing of the state post conviction relief, May 21, 2015. It was the court that failed to comply with the strict requirements contained in La.C.Cr.P.Art. 930.1, "Judgment granting or denying relief and written reasons or transcripts reasons for the judgment shall be furnished to the Petitioner, the district attorney, and the custodian." Furthermore, the Louisiana Supreme Court ruled Arty. 930.1 directs the district court, upon ruling on application for post conviction relief, to furnish to the Petitioner, the district attorney, and the custodian a copy of the judgment granting or denying relief......" **State ex rel. Foy v. Criminal District Court**, 669 So.2d 393 (La. 3/15/96). Therefore, based on the mandatory language contained in Art. 930.1 interpreted by the Louisiana Supreme Court in Foy, the court failed to comply with the clear language failing to furnish the Petitioner with notice of the judgment. In other words, a state prisoner could not know when the file a writ application if the state court is allowed to ignore its obligations in furnishing a prisoner with notice of the judgment. Thus, Petitioner avers this court should over rule the findings by the magistrate judge Roby and remand for a determination on the merits.

### GROUNDS FOR RELIEF

1. Magistrate Karen Roby erred in recommending that Allen was not entitled to Equittal Tollling of his 28 U.S.C. § 2254 federal habeas corpus application.

### OBJECTION TWO

2. Michael Allen was not served with the notice of the judgment related to his

Application for Post Conviction Relief as required by post conviction articles and the Louisiana Supreme Court. Magistrate Karen Roby determined that despite not being served with the copy of the judgment denying his May 21, 2015 application for post conviction relief, and Allen is not entitled to equitable tolling. In fact, Magistrate Roby cites in her recommendation a case where Petitioner suffered a significant state created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition has been denied... Hardy, 577 @ 599-600. Amazingly, Petitioner Allen actively sought habeas relief by writing letters entitled, "post conviction status check," but still, is not entitled to equitable tolling. Michael Allen respectfully objects to the findings of Magistrate Roby and request for a determination on the merits.

## CONCLUSION

WHEREFORE, Mr. Allen respectfully objects to Magistrate Roby's Report and Recommentation, and prays that this Honorable Court will conduct a de novo review of the record to determine if he has complied with all state and federal procedural requirements as required under the AEDPA, and after the law and facts being found in his favor, remand his petition for federal habeas corpus to Magistrate Roby for a complete review of the merits of his claims for relief. Alternatively, this Honorable Court should grant him an evidentiary hearing with appointed counsel wherein evidence, documents and witnesses will be present to support the claims raised herein.

Respectfully submitted, this 17th day of December 2020.

*Michael Allen*
Michael Allen # 575625
General Delivery
Louisiana State Prison
Angola, LA 70712

## CERTIFICATE OF SERVICE

I hereby swear and affirm that the foregoing is true and correct to the best of my knowledge and belief. Additionally, I do hereby certify that a copy of the foregoing has this day been served via U.S. Mail, postage prepaid, and properly addressed to:

District Attorney
Orleans Parish
619 S. White Street
New Orleans, La 70119

Done this 17th day of December 2020, at Angola, Louisiana.

*Michael Allen*
Michael Allen # 575625
General Delivery
Louisiana State Prison
Angola, LA 70712

# eFile-ProSe

**From:** Angola E-Filing <EML-SVC-DOC-Printers@la.gov>
**Sent:** Friday, December 18, 2020 2:36 PM
**To:** eFile-ProSe
**Subject:** Angola E-Filing
**Attachments:** 575625143605.pdf

CAUTION - EXTERNAL:

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.